

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 4, 2012

The Honorable Dennis Bonnen
Chair, Sunset Advisory Commission
Post Office Box 13066
Austin, Texas 78711-3066

Opinion No. GA-0979

Re: Whether the staff of the Sunset Advisory Commission is entitled to receive confidential records, documents, and files and to attend confidential disciplinary hearings, deliberations, and other proceedings of the State Commission on Judicial Conduct (RQ-1066-GA)

Dear Representative Bonnen:

You ask whether the staff of the Sunset Advisory Commission ("Sunset Commission") is entitled to receive confidential records, documents, and files and to attend confidential disciplinary hearings, deliberations, and other proceedings of the State Commission on Judicial Conduct ("SCJC").[1]

You state that the Sunset Commission is currently reviewing the SCJC for the biennial review prepared for the Eighty-third Legislature. Brief at 1. During the review, Sunset Commission staff asked to attend closed session meetings in which the SCJC informally hears complaints lodged against judges accused of judicial misconduct. Id.[2] The Sunset Commission staff also asked for memoranda that SCJC staff attorneys prepared to aid the SCJC in its decisions. Id. The SCJC has denied the requests, asserting that the hearings and documents requested by the Sunset Commission are privileged and confidential. Id. at 2. Instead, the SCJC has provided the Sunset Commission only with documents concerning judges who have waived confidentiality or whose sanctions were made public. Id.[3] You ask the following questions:

---

[1]See Letter and Brief from Honorable Dennis Bonnen, Chair, Sunset Advisory Comm'n, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (May 31, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter" and "Brief").

[2]As you acknowledge, the SCJC is a judicial agency exempt from the provisions of the Open Meetings Act. Brief at 1. See TEX. GOV'T CODE ANN. § 551.001(3)(A) (West 2012) (limiting the definition of "governmental body" to a commission "within the executive or legislative branch of state government"); TEX. CONST. art. V, § 1-a (creating the SCJC under article V, the "Judicial Department").

[3]An April 2012 Staff report notes that the Sunset Commission staff supplemented its ordinary review with surveys, interviews, and other activity unique to the SCJC in an effort to mitigate its lack of full access. The report
(continued...)

1. Is the staff of the Sunset Advisory Commission, as part of its statutorily required review of the State Commission on Judicial Conduct, entitled to review the confidential records, documents, and files of the State Commission on Judicial Conduct, including documents prepared by State Commission on Judicial Conduct staff attorneys that may be subject to attorney-client privilege?

2. Is the staff of the Sunset Advisory Commission, as part of its review of the State Commission on Judicial Conduct, entitled to attend proceedings of the State Commission on Judicial Conduct, including disciplinary hearings before the State Commission on Judicial Conduct and the State Commission on Judicial Conduct's deliberations in arriving at a decision to take disciplinary action against a judge?

Request Letter at 1.

Chapter 325 of the Government Code, which generally governs the Sunset Commission's operations, authorizes the Commission to conduct reviews of certain state agencies, typically those agencies that are scheduled to expire unless their continued operation is reauthorized by the Legislature. TEX. GOV'T CODE ANN. §§ 325.008–.024 (West 2005 & Supp. 2012). An agency scheduled for Sunset review is required to submit a report to the Sunset Commission containing information about the agency according to statutory review criteria and "any other information" the Sunset Commission requests. *Id.* §§ 325.007, .011 (West Supp. 2012). In the course of agency review, the Sunset Commission may request agency assistance, which the agency must provide, and the Sunset Commission and staff are specifically authorized to "inspect the records, documents, and files of any state agency." *Id.* § 325.019 (West 2005). Chapter 325 provides that when a state agency's record is "considered to be confidential by law" and is received by the Sunset Commission "in connection with the performance of the [Commission's] functions," the information "remains confidential." *Id.* § 325.0195(b). Significantly, however, chapter 325 does not expressly state that the Sunset Commission may access the SCJC's privileged or confidential records. The absence of such an explicit statutory provision is particularly significant given the fact that article V, section 1-a of the Texas Constitution provides that the SCJC's papers and proceedings "shall be confidential, *unless otherwise provided by law.*" TEX. CONST. art. V, § 1-a (emphasis added). Thus, the plain text of the constitution authorizes the Legislature to "otherwise provide[] by law" with the enactment of

---

[3](...continued)
recommends that the Legislature statutorily clarify that the confidentiality and privilege provisions do not prevent the Sunset Commission staff access to SCJC proceedings and records, and that the Sunset Commission staff is required to maintain the same level of confidentiality as SCJC staff. SUNSET ADVISORY COMM'N, STAFF REPORT, STATE COMM'N ON JUDICIAL CONDUCT at 15–19, 33 (Apr. 2012), *available at* http://www.sunset.state.tx.us/83rd/jc/jc_hm.pdf (last visited Dec. 4, 2012).

a statute to that effect.  However, the Legislature has not enacted a statute specifically requiring the SCJC to disclose its confidential records to the Sunset Commission.

Chapter 33 of the Government Code is the statute the Legislature enacted to generally govern the SCJC's conduct and operations.  Under chapter 33, the proceedings and papers filed with the SCJC are—without exception—made expressly confidential unless and until charges are formally filed against a judge.  TEX. GOV'T CODE ANN. § 33.032(a) (West 2004).  Further, even after formal charges have been filed, the Government Code continues to expressly make confidential "(1) the discussions, thought processes, or individual votes of members of the commission; (2) the discussions or thought processes of employees of the commission, including special counsel for the commission; or (3) the identity of a complainant or informant if the person requests that the person's identity be kept confidential."  Id. § 33.027(c)(1)–(3).

The Legislature has exercised its discretion to incorporate specific exceptions to chapter 33's confidentiality requirements, but none of those exceptions relate to the Sunset review process.  Chapter 33 expressly authorizes the SCJC to release otherwise confidential information to law enforcement authorities and enforcement personnel with the State Bar of Texas, among others.  See id. §§ 33.032(f) (providing for disclosure to the Office of the Chief Disciplinary Counsel of the State Bar of Texas); 33.036(a)(1)–(4) (authorizing disclosure to a law enforcement agency, a public official who appoints judges, the Texas Supreme Court, or an entity that provides SCJC-ordered judicial education).  However, the Legislature has not yet also incorporated an exception requiring the SCJC to produce confidential records to the Sunset Commission.[4]  As the express exceptions already incorporated into chapter 33 demonstrate, when the Legislature has previously exercised its article V, section 1-a authority to narrow the general constitutional confidentiality requirement governing the SCJC's records, the Legislature has enacted explicit statutory language to that effect.  See id. § 33.032(b) (providing that a "formal hearing and any evidence introduced during the formal hearing, including papers, records, documents, and pleadings filed with the clerk, shall be public").  Thus, while article V, section 1-a grants the Legislature constitutional authority to pass a statute expressly requiring the SCJC to provide confidential records to the Sunset Commission, such a statute has not yet been enacted.

Similarly, just as neither the SCJC's governing statute nor chapter 325 contain an express exception authorizing the Sunset Commission to access the SCJC's confidential records, chapter 325 also currently lacks any provision explicitly authorizing Sunset Commission staff to attend SCJC proceedings that are made confidential by the Texas Constitution "unless otherwise provided by

---

[4]Chapter 33 provides for legislative oversight in addition to review by the Sunset Commission.  Section 33.005 requires the SCJC to file a report directly with the Legislature that includes information similar to the review criteria that an agency must provide to the Sunset Commission under chapter 325.  Compare TEX. GOV'T CODE ANN. § 33.005(a)–(b) (West 2004), with id. § 325.011 (West Supp. 2012).

law."[5] In the absence of an express statutory provision specifically authorizing the staff of the Sunset Commission to review the SCJC's confidential records and documents and to attend proceedings, a court could conclude that the Legislature has not enacted the statute necessary to establish an exception to the constitutional requirement under article V, section 1-a that SCJC records and proceedings remain confidential "unless otherwise provided by law."

---

[5]Because we conclude that no law authorizes the Sunset Commission to access confidential SCJC documents and proceedings, we do not address the argument of the SCJC that deliberations by adjudicative bodies enjoy a "deliberative privilege," or that authorizing Sunset Commission staff to attend confidential deliberations would implicate the constitutional separation of powers doctrine. *See* Brief of State Commission on Judicial Conduct at 3–6 (July 10, 2012). *See also Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex. Crim. App. 1990) (determining that the Texas Constitution grants the Legislature "authority over judicial 'administration'" but "does not permit the Legislature 'to infringe upon the substantive power of the Judicial department'") (citation omitted).

## S U M M A R Y

Under article V, section 1-a of the Texas Constitution, papers filed with the State Commission on Judicial Conduct, along with the Commission's proceedings, are made confidential unless the Legislature enacts a law establishing an exception to the constitutional confidentiality requirement. A court could conclude that the Legislature has not authorized the staff of the Sunset Advisory Commission to review the confidential records, documents, and files of the State Commission on Judicial Conduct or to attend confidential meetings and deliberations of the State Commission on Judicial Conduct.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee